**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JWAN DWAIN WASHINGTON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2983-G** |
| | ) | |
| **KELLI DAVIS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Jwan Dwain Washington, a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). Doc. 1. United States District Judge Charles B. Goodwin referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Upon preliminary review, the Court determined the Petition was potentially subject to dismissal and ordered Petitioner to show cause why his Petition should not be dismissed for failure to state a § 2241 claim upon which relief can be granted. Doc. 5. For the reasons below, the undersigned recommends dismissal of the Petition without prejudice.

## I. Petition

A § 2241 petition is "generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement." *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011). "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to [28 U.S.C.] § 2254 habeas . . . proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115

F.3d 809, 811 (10th Cir. 1997) (citation modified). Petitioner alleges no facts challenging the execution of his sentence.

Instead, Petitioner seeks to challenge his underlying conviction and sentence in an unidentified case. *See generally* Doc. 1. As such, a petition under § 2254 "is the proper avenue for attacking the validity of [his] conviction and sentence." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008); *see also Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1213 (10th Cir. 2009) ("[A state prisoner's] § 2241 habeas petition can only challenge the execution of his sentence, not the validity of his conviction and the original sentence."). However, the Court informed Petitioner that it would decline to liberally construe the Petition and recharacterize it as a petition brought under § 2254 for two reasons.

**A. Second or successive**

First, the Court lacks jurisdiction to hear a second or successive § 2254 petition brought by Petitioner. He has previously been denied relief in a § 2254 habeas action challenging his conviction and sentence in an Oklahoma state case. Order, *Washington v. Workman*, No. 09-CV-139-HE, Doc. 18 (W.D. Okla. Dec. 14, 2009). Because Petitioner does not identify the underlying conviction and sentence he now seeks to challenge, it is unclear whether the current habeas petition relates to the same conviction and sentence challenged in the prior petition. However, as the sentence underlying the prior petition was life imprisonment, *see id.* at n.1, the undersigned finds it likely Petitioner now challenges the same conviction. Accordingly, because Petitioner provides no indication that he has received prior authorization from the Tenth Circuit to file a second or successive habeas

petition, the Court would lack jurisdiction to consider his Petition if it were converted to one brought under § 2254. *See* 28 U.S.C. § 2244(b) (requiring a petitioner to obtain authorization for filing a second or successive § 2254 habeas petition); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the Tenth Circuit] has granted the required authorization.").

**B. Meritless**

Second, Petitioner's claims appear to be meritless. His four grounds for relief provide minimal information regarding either the bases or factual support for his claims. Doc. 1 at 7-9. And his attachment regarding the "savings clause" under 28 U.S.C. § 2254 does not provide adequate support for his claims. Doc. 1-1. Indeed, while a savings clause is recognized for federal prisoners under § 2255(e), Petitioner provides no persuasive support for his claim he can rely on a savings clause under § 2254. *Id.*; *see also Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011) (discussing the savings clause under § 2255); *Cecil v. Davis*, No. CIV-26-1849-SLP, 2026 WL 3135381, at *1 (W.D. Okla. Oct. 20, 2026) ("Petitioner cited to no authority which supports the application of the 'savings clause' of § 2255(e) to a § 2241 petition brought by a state prisoner.").

Moreover, Petitioner is currently housed at the James Crabtree Correctional Center, and the Court has recently received multiple, similar § 2241 petitions from inmates at that facility. Those petitions generally argue Oklahoma lacks jurisdiction over the petitioners because they are Indians. The undersigned liberally construes Petitioner's arguments to

assert that Oklahoma lacked jurisdiction over him, based on *McGirt*.[1] However, Petitioner does not provide adequate factual support for challenging his state court conviction under *McGirt*. Docs. 1 at 7-9, 1-1, 1-2; *cf. Deerleader v. Crow*, No. 20-CV-0172, 2021 WL 150014, at *1 (N.D. Okla. Jan. 15, 2021) (discussing factual allegations the petitioner set forth to support his challenge to the state's jurisdiction under *McGirt*).

### C. Order to show cause

The Court informed Petitioner that it appears the relief he requests cannot be granted and ordered him to "**show cause in writing** why his Petition should not be dismissed for failure to state a § 2241 claim upon which relief can be granted." Doc. 5 at 4. Petitioner filed a Motion for F.R.C.P Rule 59(e) Request for Reconsideration for Ongoing Case Execution, Doc. 6, which the undersigned construes as a response to the order to show cause. Petitioner's response does not address why his claims should not be dismissed for failure to state a § 2241 claim.

Accordingly, the undersigned recommends dismissing the Petition for failure to state a § 2241 claim upon which relief can be granted. *See Straley*, 582 F.3d at 1213 ("[A state prisoner's] § 2241 habeas petition can only challenge the execution of his sentence, not the validity of his conviction and the original sentence.").

---

[1] In *McGirt v. Oklahoma*, the Supreme Court held that "the federal government, not the State [of Oklahoma], may prosecute Indians for major crimes committed in Indian country." 591 U.S. 894, 932 (2020).

## II. <u>Motion to proceed in forma pauperis</u>

Petitioner filed a motion to proceed in forma pauperis. Doc. 2. Adoption of this Report and Recommendation would moot the pending motion.

## III. <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** the Petition, Doc. 1, without prejudice. Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than **December 11, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 20th day of November, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE